SHIVERS, Judge.
Appellant appeals the Department of Corrections’ order denying his petition to initiate rulemaking. We affirm.
Phillips, petitioner below, is a convicted felon currently serving a “capital life” sentence in the custody of appellee, Department of Corrections. On August 2, 1984, Phillips filed a petition to initiate rulemak-ing, requesting the adoption of a proposed rule defining the procedures for implementation of section 944.30, Florida Statutes. That section, entitled “Life prisoners; commutation to term for years” reads as follows:
Any prisoner who is sentenced to life imprisonment, who has actually served 10 years and has sustained no charge of misconduct and has a good institutional record, shall be recommended by the department for a reasonable commutation of his sentence, and if the same be granted, commuting the life sentence to a term for years, then such prisoner shall have the benefit of the ordinary commutation, as if the original sentence was for a term for years, unless it shall be otherwise ordered by the Board of Pardons.
Appellant specifically argued below that a rule was needed to define the “critical operative phrases” of section 944.30, including (1) “sustained no charge of misconduct and has a good institutional record” and (2) “actually served 10 years.”
The Department issued an order denying the petition and finding that a rule implementing the section was not warranted. We agree and affirm the order of the Department of Corrections.
The Florida Supreme Court has stated that “administrative agencies may develop policies by adjudication and that formal rulemaking is not initially necessary in all cases.” City of Tallahassee v. Florida Public Service Commission, 433 So.2d 505, 508 (Fla.1983). Once an agency has solidified its position on policy in a particular area, it should codify such policy by rule. Until that time, however, any decisions of the agency made through adversary proceedings are to be viewed as de facto rules or “incipient policy,” for which a formal rule is not yet necessary. See McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977) and City of Tallahassee v. Florida Public Service Commission, supra.
We find nothing to indicate that the Department of Corrections’ policy with regard to the implementation of section 944.-30 has yet reached a point where it need be codified by formal adoption of a rule and thus agree with the Department of Corrections' finding that a rule is not warranted.
We also find no support for appellant’s argument that section 944.30, Florida Statutes requires the Department of Corrections to recommend a specific term of years when it recommends an inmate for commutation of a life sentence.
Accordingly, the Department’s order denying appellant’s petition is AFFIRMED.
ERVIN and JO ANOS, JJ., concur.